UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RITA HETEY,

                      Plaintiff,

      -against-

WHOLE FOODS MARKET GROUP, INC.,

------------------------------------------------------------------X

**Civil Action**

**Case No.:**

**NOTICE OF REMOVAL**

    Defendant, WHOLE FOODS MARKET GROUP, INC., by its attorneys, FISHMAN McINTYRE LEVINE SAMANSKY P.C., respectfully petitions the United States District Court, Eastern District of New York, upon information and belief, as follows:

    1.    This case was originally commenced on or about February 24, 2021 in the Supreme Court of the State of New York, County of Suffolk. The suit is identified in the Supreme Court as "Rita Hetey v. Whole Foods Market Group, Inc.", Index No. 603219/2021. A true copy of plaintiff's Summons and Verified Complaint is cumulatively annexed hereto as Exhibit A.

    2.    Defendant, Whole Foods Market Group, Inc., ("Whole Foods") first received notice of the suit when service was effectuated upon the New York Secretary of State on or about March 2, 2021. (See Exhibit B hereto). The grounds for removal are based on the original jurisdiction of this Court under 28 U.S.C. § 1332, which allows this Court to hear matters based on diversity of citizenship of the parties.

    3.    On or about March 24, 2021, Whole Foods filed an answer to plaintiff's complaint. A true copy of Answer to plaintiff's Verified Complaint is cumulatively annexed hereto as Exhibit C.

    4.    In plaintiff's Complaint, plaintiff does not specify a monetary amount of damages claimed. Rather, plaintiff claims damages of a non-monetary amount as a result of alleged: "[S]erious and permanent injuries, and was rendered sick, sore, lame, and disabled; and she was

1

injured, bruised and wounded about her head, body and limbs; and upon information and belief, some of her injuries are of a permanent nature and character; and she has suffered and continues to suffer physical pain and mental anguish; and she has been incapacitated…". See Exhibit A, paragraph 13.

5. However, by way of response to Whole Food's demand for a statement of damages pursuant to CPLR 3017, plaintiff has demanded damages in the amount "of $500,000.00". See "Reply to demand for total damages". See Exhibit "D", page 2 ("Damages"). Said demand for damages, while dated "May 4, 2021" was received by the undersigned on or about June 1, 2021. Therefore, this Notice of Removal is being filed within 30 days of plaintiff's demand for damages.

6. As stated, said reply to demand for damages (Exhibit "D") has a date on it of "May 4, 2021". In reality however, the absolute earliest same could have been sent out <u>from</u> plaintiff's counsels office is May 19, 2021.

7. Plaintiff served a number of discovery responses at the same time: a bill of particulars; "reply to combined demands"; a notice for deposition upon oral examination as well as the aforesaid Reply to total damages". **Importantly, there is no affidavit of mailing or service attached to any of the foregoing discovery responses served by plaintiff's counsel.** The only affidavit of any kind and/or verification is the individual verification of plaintiff herself. But, as can be seen from the same – annexed hereto as Exhibit E – that signed by the plaintiff herself on May 19, 2021. Further, attached to plaintiff's discovery responses, again all sent out by plaintiff and received at the same time, were authorizations to obtain plaintiff's medical records. A sample of one authorization is annexed hereto as Exhibit F. As can be seen from said authorization, that too is dated "May 19, 2021". Therefore, it is obviously impossible for plaintiff to have served the discovery responses, including the demand for damages, anytime prior to May 19, 2021, and the foregoing is obviously consistent with the fact that the undersigned received same on June 1, 2021.

8. In light of the foregoing, the within notice of removal is being filed within thirty (30) days of plaintiff's damage demand of $500,000.00.

9. Based upon the foregoing, there can be no doubt that the amount in controversy herein exceeds $75,000.00, exclusive of interest and costs.

10. Plaintiffs are residents of the State of New York (See Exhibit A hereto; page 3), County of Suffolk (See also, Plaintiff's Verified Complaint, Paragraph "First") Plaintiff resides at "52 (omitted), Holbrook, New York".

11. Furthermore, on or about March 24, 2021, Whole Food's served on plaintiff's counsel a Request to Admit that as of the date of the cause action arose, that is the date of plaintiff's alleged accident, the plaintiff was citizen of the State of New York. (See said Request to Admit annexed hereto as Exhibit G). Plaintiff did not timely respond to Whole Food's Request to Admit within the time permitted by C.P.L.R. § 3123(a). [That time limit is 30 days]. Thus, Whole Food's demands concerning plaintiff being a citizen of the State of New York at the time the cause of action arose are deemed "admitted". See C.P.L.R. § 3123(a).

12. Further, however, in plaintiff's "reply to combined demands", again with a date listed there of "May 4, 2021," but received at the same time as the other discovery responses referred to above, plaintiff chose merely to admit that "Plaintiff, Rita Hetey is a citizen of the United States". However, the request to admit did not seek to have plaintiff admit to being a citizen of the United States. Rather the request sought to have plaintiff admit to being a citizen of the State of New York. Thus, plaintiff's failure to not only timely respond to the request to admit, but failing to properly respond to the first Judge to be admitted, means that plaintiff is indeed deemed a citizen of the State of New York as of the time of the cause of the within action arose. See CPLR § 3123(a).

13. Whole Foods Market Group, Inc. is a foreign corporation, incorporated in the State of Delaware, having its principle place of business in Austin, Texas (See **Exhibit H**).

14. As touched on above, the plaintiff is a citizen of the State of New York. Whole Foods is a foreign corporation, incorporated in a state other than New York, and having its principal place of business in a state other than New York. As such, this action is between a plaintiff of one state, and a defendant corporation, of another state.

15. Based upon the foregoing, diversity of citizenship exists.

16. Written notice of the filing of this Notice of Removal has been given to all parties in accordance with 28 U.S.C. §1446 (d), as evidenced in the annexed Certificate of Service.

**WHEREFORE** Petitioners WHOLE FOODS MARKET GROUP, INC., defendant in the action described herein now pending the Supreme Court of the State of New York, County of Suffolk, under Index No. 603219/2021, prays that this action be removed therefrom to this Honorable Court.

Dated: New York, New York
       June 16, 2021

                    Yours etc.,

                    _____
                    MITCHELL B. LEVINE
                    FISHMAN MCINTYRE LEVINE
                    SAMANSKY P.C.
                    Attorneys for Defendant
                    WHOLE FOODS MARKET GROUP, INC.
                    521 Fifth Avenue, 17th Floor
                    New York, New York 10175
                    (212) 461-7190
                    File No.: WH-074

TO:   Andrew B. Siben, Esq.
       Siben & Siben, LLP
       90 East Main Street
       Bay Shore, New York 11706
       (631) 665-3400
       Your File No.: 665-3400
       *Attorneys for Plaintiff*