# EXHIBIT A

| | |
|---|---|
| SUPREME COURT OF THE STATE OF NEW YORK<br>COUNTY OF SUFFOLK | Index No.<br>Date Filed: |

---

RITA HETEY,

                              Plaintiff,

-against-

WHOLE FOODS MARKET GROUP, INC.,

                              Defendant.

*Plaintiff designates Suffolk County as the place of trial*

*The basis of venue is plaintiff's residence*

**SUMMONS**

*Plaintiff resides at*
*52 San Rafael Ave.*
*Holbrook, New York*

*County of Suffolk*

---

*To the above named Defendant:*

    *You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.*

Defendant's address:

WHOLE FOODS MARKET GROUP, INC.:
    c/o CT CORPORATION SYSTEM
    28 Liberty St.
    New York, NY 10005

*Defendant's Insurance.:*
UNKNOWN

**SIBEN & SIBEN, LLP**
*Attorneys for Plaintiff*
*Office and Post Office Address*
*90 East Main Street*
*Bay Shore, New York 11706*
*(631) 665-3400*
*File No.: 12/11/20 B*

SEND TO YOUR INSURANCE COMPANY PROMPTLY

1 of 5

AGF/tv
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
---------------------------------------------------------------X
RITA HETEY,

                                Plaintiff,                                    **COMPLAINT**

             -against-                                            **Index No.**

WHOLE FOODS MARKET GROUP, INC.,

                                Defendant.
---------------------------------------------------------------X

    Plaintiff, complaining of the defendant by her attorneys, SIBEN & SIBEN, LLP, respectfully alleges, upon information and belief:

    FIRST: That, at all times hereinafter mentioned, defendant, WHOLE FOODS MARKET GROUP, INC., was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

    SECOND: That, at all times hereinafter mentioned, defendant, WHOLE FOODS MARKET GROUP, INC., was a foreign corporation authorized to do business in the State of New York.

    THIRD: That, at all times hereinafter mentioned, defendant, WHOLE FOODS MARKET GROUP, INC., was a partnership or other unincorporated entity authorized to do business in the State of New York.

    FOURTH: That, at all times hereinafter mentioned, defendant, WHOLE FOODS MARKET GROUP, INC., was the owner and/or one of the owners of a certain supermarket/grocery store located at 120 New Moriches Rd., Lake Grove, County of Suffolk, State of New York.

FIFTH: That, at all times hereinafter mentioned, defendant, WHOLE FOODS MARKET GROUP, INC., its agents, servants and/or employees operated a certain supermarket/grocery store located at 120 New Moriches Rd., Lake Grove, County of Suffolk, State of New York.

SIXTH: That, at all times hereinafter mentioned, defendant, WHOLE FOODS MARKET GROUP, INC., its agents, servants and/or employees managed a certain supermarket/grocery store located at 120 New Moriches Rd., Lake Grove, County of Suffolk, State of New York.

SEVENTH: That, at all times hereinafter mentioned, defendant, WHOLE FOODS MARKET GROUP, INC., its agents, servants and/or employees controlled a certain supermarket/grocery store located at 120 New Moriches Rd., Lake Grove, County of Suffolk, State of New York.

EIGHTH: That, at all times hereinafter mentioned, defendant, WHOLE FOODS MARKET GROUP, INC., its agents, servants and/or employees maintained a certain supermarket/grocery store located at 120 New Moriches Rd., Lake Grove, County of Suffolk, State of New York.

NINTH: That, at all times hereinafter mentioned, defendant, WHOLE FOODS MARKET GROUP, INC., invited members of the general public to the aforesaid premises for business purposes.

TENTH: That, on the 11th day of December, 2020, while the plaintiff was lawfully at the aforesaid location, she was caused to be propelled to the ground and become seriously injured due to the carelessness, recklessness and negligence of the defendant, its agents, servants and/or employees.

ELEVENTH: That the defendant, its agents, servants and/or employees were careless, reckless and negligent in the ownership, operation, maintenance, management, supervision and control of the aforesaid supermarket; in carelessly, recklessly and negligently causing, allowing and/or permitting the plaintiff to be propelled to the floor and become injured; in carelessly, recklessly and negligently causing, allowing and/or permitting the plaintiff to trip and fall and become injured; in failing to provide plaintiff with a safe place to walk; in carelessly, recklessly and negligently causing, allowing and/or permitting the boxes to be strewn about the floor, creating a hazard and a trap in carelessly, recklessly and negligently causing, allowing and/or permitting the floor thereat to be slick and slippery, creating a hazard and a trap; in carelessly, recklessly and negligently causing, allowing and/or permitting foreign substances to be and remain on the floor thereat; in failing to maintain the aforesaid supermarket in a safe and proper manner; in failing to expeditiously mop up spills; in failing to make timely inspections of the aforesaid area which would have disclosed the dangerous and defective condition existing thereat; in failing to foresee this incident; in failing to post signs, notices and/or other warnings of the dangerous and defective condition existing thereat; in failing to erect barricades, fences, ropes, cones or other safety devices for the proper protection of plaintiff and others; that defendants knew, or by reasonable inspection thereof, should have known of the dangerous and defective condition existing thereat and failed to repair and/or remedy the same; in carelessly, recklessly and negligently causing, allowing and/or permitting the aforesaid condition to be and remain for a long and unreasonable length of time under the circumstances then and there existing; in failing in their non-delegable duties to the plaintiff herein; and, in other ways, acted in a careless, reckless and negligent manner.

TWELFTH: That, at all times hereinafter mentioned, defendant had actual, constructive and/or written notice of the aforesaid dangerous and defective condition.

THIRTEENTH: That by reason of the premises, the plaintiff was rendered sick, sore maimed and disabled; and she was injured, bruised and wounded about her head, body and limbs; and upon information and belief, some of her injuries are of a permanent nature and character; and she has suffered and continues to suffer physical pain and mental anguish; and she has been incapacitated, all to his damage in a sum in excess of the monetary limits of any lower courts.

FOURTEENTH: That this action falls within one or more of the exceptions set forth in C.P.L.R. 1602.

WHEREFORE, plaintiff, RITA HETEY, demands judgment against the defendant in a sum in excess of the monetary limits of any lower courts, together with the costs and disbursements of this action.

SIBEN & SIBEN, LLP

By: *[signature]*
STEPHEN G. SIBEN ( )
ANDREW B. SIBEN ( )
JACQUELINE SIBEN ( )
MARK A. RUDNER ( )
Attorneys for Plaintiff
RITA HETEY
Office & P.O. Address
90 East Main Street
Bay Shore, New York 11706
(631) 665-3400
File No: 12/11/20 B